IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ARTHUR DONAHUE BARBER, JR.,                              CV. 05-493-JE

        Petitioner,       ORDER TO AMEND AND SHOW CAUSE

   v.

STATE OF OREGON and ATTORNEY
GENERAL,

        Respondent.

JELDERKS, Magistrate Judge.

Petitioner, a federal inmate at FCI-Sheridan, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. He attempts to challenge his underlying state-court convictions for Burglary in the First Degree and Aggravated Theft. Petitioner asserts that he has already served his sentences for these crimes, leaving the court to conclude that he is attempting to invalidate his convictions in order to avoid possible future post-prison supervision obligations.

///

1 - ORDER TO AMEND AND SHOW CAUSE

I.  **Form of Petition**.

As an initial matter, 28 U.S.C. § 2241 is the proper vehicle for federal inmates who wish to challenge the manner, location, or conditions of the execution of their federal sentences. Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 1999). By contrast, 28 U.S.C. § 2254 allows state prisoners to challenge the legality of their state convictions. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991). Petitioner therefore improperly brings this action pursuant to 28 U.S.C. § 2241. In addition, he fails to properly name both the Oregon Attorney General and his current custodian as respondents to this action. See Rule 2 of the Rules Governing Section 2254 Cases (requiring that challenges to future custody be brought against "the officer having present custody of the applicant and the attorney general of the state in which the judgment which he seeks to attack was entered").

II.  **Statute of Limitations**.

In addition, petitioner claims that he was convicted of his crimes in 1990, and succeeded in challenging one or more of his convictions during his direct appeal. It does not appear that he presented any claims of error to any other Oregon court.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted on April 24, 1996. The Act provides that a one-year statute of limitations applies to federal habeas corpus actions

filed by state prisoners.  The one-year period runs from the latest of:

- (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

- (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

- (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

- (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. 2244(d)(1).

Habeas corpus petitions which challenge convictions which became final before AEDPA's effective date of April 24, 1996, are timely only if filed before April 24, 1997.  Ford v. Hubbard, 305 F.3d 875, 882 (9th Cir. 2002).  Presumably, petitioner prevailed to some degree on direct appeal prior to AEDPA's effective date.  Consequently, this action should have been filed before April 24, 1997.

### III. **Exhaustion and Procedural Default**.

Finally, a petitioner seeking habeas relief must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of habeas corpus claims

pursuant to 28 U.S.C. § 2254. Rose v. Lundy, 455 U.S. 509, 519 (1982). A petitioner must have also presented his claim in a procedural context in which its merits will be considered. Castille v. Peoples, 489 U.S. 346, 351 (1989). The exhaustion doctrine is designed "to avoid the unnecessary friction between the federal and state court systems that would result if a lower federal court upset a state court conviction without first giving the state court system an opportunity to correct its own constitutional errors." Preiser v. Rodriguez, 411 U.S. 475, 490 (1973).

Petitioner appears to concede that he failed to fairly present his claims to Oregon's state courts, and advises the court that it is permitted to excuse his default if the dismissal of his claims on procedural grounds will lead to a fundamental miscarriage of justice. Petitioner fails to describe why it would be a fundamental miscarriage of justice to deny his claims on procedural grounds.[1]

For all of these reasons, should petitioner wish to continue with this action, he must file an amended petition on the form to be provided by the court which properly lists the Oregon Attorney

---

[1] It is also noteworthy that petitioner fails to indicate whether he has any new evidence of his innocence to present in this case. See Schlup v. Delo, 513 U.S. 298, 324 (1995) (requiring new evidence of innocence to meet the fundamental miscarriage of justice exception to procedural default).

4 - ORDER TO AMEND AND SHOW CAUSE

General and his current custodian as respondents. He must also show cause why this case should not be denied both because it is untimely, and because he procedurally defaulted his claims. Petitioner's failure to respond to this Order within 30 days will result in the dismissal of this proceeding, with prejudice.

## CONCLUSION

Should petitioner wish to continue with this action, he must file an amended petition on the form to be provided by the court which properly lists the Oregon Attorney General and his current custodian as respondents. He must also show cause why this case should not be denied both because it is untimely, and because he procedurally defaulted his claims. Petitioner's failure to respond to this Order within 30 days will result in the dismissal of this proceeding, with prejudice.

The Clerk of the Court is DIRECTED to forward to petitioner a form 28 U.S.C. § 2254 habeas corpus petition.

IT IS SO ORDERED.

DATED this __29th__ day of June, 2005.

                                          /s/ John Jelderks
                                          John Jelderks
                                          United States Magistrate Judge